No. 26-____
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
_____

IN RE CRIMINAL COMPLAINT.

UNITED STATES OF AMERICA,
                              Petitioner.
_____

On Petition for Writ of Mandamus to
the United States District Court
for the District Minnesota
_____

**EMERGENCY PETITION FOR WRIT OF MANDAMUS
OR ISSUANCE OF ARREST WARRANTS**
_____

> PAMELA J. BONDI
>  *Attorney General*
>
> TODD M. BLANCHE
>  *Deputy Attorney General*
>
> BRETT A. SHUMATE
>  *Assistant Attorney General*
> *Civil Division*
> *United States Department of Justice*
> *950 Pennsylvania Ave., N.W.*
> *Washington, D.C. 20530*
>
> DANIEL N. ROSEN
>  *United States Attorney*

**Ruling requested by January 23, 2026**

# INTRODUCTION

The right to worship in churches and other houses of worship free from terrorism and violence is fundamental to the American experience. That right was attacked this past week at a small church in Minnesota. Dozens of protestors interrupted a Sunday worship service, terrified women and children, and physically intimidated a pastor and his parishioners. All of this was captured on numerous video feeds, leaving little doubt as to the perpetrators and their actions.

In response to that attack, the Department of Justice has opened an investigation to identify and prosecute those responsible. That investigation led the government to file a criminal complaint charging eight individuals with violating the Freedom of Access to Clinic Entrances (FACE) Act, 18 U.S.C. § 248, and conspiracy to violate rights, 18 U.S.C. § 241. Three arrest warrants have been issued. But the lower courts inexplicably refused to sign warrants as to the remaining five coconspirators.

Now, the same church that was assaulted last Sunday faces serious, credible threats of another attack this upcoming weekend. In order to prevent such an attack, this Court must immediately direct the lower court to sign the five remaining arrest warrants so that the Executive Branch can arrest these individuals and discharge its duty to protect the public safety.

Accordingly, the Government respectfully requests a writ of mandamus, by Friday, January 23, directing the District of Minnesota to sign the criminal complaint and issue arrest warrants for the remaining five individuals to allow the Government sufficient time to arrest the remaining Defendants before they can disrupt services again this Sunday. Mandamus is warranted because the district court clearly erred by refusing to review the magistrate judge's determination, which itself is clearly erroneous, and the Government has no other adequate means of obtaining relief before the threatened resumption of criminal activity this weekend. In the alternative, the Government requests that the Court itself issue the arrest warrants, as Federal Rule of Criminal Procedure 1(c) permits.

## BACKGROUND

On January 18, 2026, a coordinated group of 30-40 agitators stormed Cities Church in St. Paul, Minnesota, to disrupt its Sunday morning services. They chanted, protested, physically obstructed worshippers, and ended the services. Some worshippers fled from the church. Others were trapped near the front of the church during the demonstration, unable to leave as the agitators obstructed the church's narrow aisles and unable to retrieve their children from the childcare area located downstairs as the agitators blocked the stairs. Agitators screamed in crying children's faces.

The Government filed a criminal complaint in the District of Minnesota, making each of these allegations and charging eight individuals with violations of 18 U.S.C. §§ 241 and 248(a)(2). *See* Complaint at 2, 26-mj-40 (D. Minn. Jan. 20, 2026). The complaint alleges that the charged individuals conspired to disrupt religious services and intimidated, harassed, terrorized, and physically obstructed the parishioners at Cities Church on the morning of Sunday, January 18, 2026. The Government is aware of serious credible threats of repeated action by the same group against the same church this weekend. Accordingly, the Government sought to promptly arrest the individuals charged in the complaint in order to prevent future unlawful conduct and protect the physical safety and the religious liberty and property rights of Cities Church and its congregation.

Also on January 20, the duty magistrate judge found that the complaint supported a finding of probable cause only as to the § 241 charges against three of the eight defendants. He found there was no probable cause to support any charges against the remaining five defendants and therefore did not issue warrants for their arrest.

On January 21, the Government offered to submit additional evidence to support the complaint. However, the duty magistrate judge indicated that he was unwilling to review additional evidence on an expedited basis and directed the Government to instead seek a grand jury indictment.

The Government thus immediately sought review of the magistrate judge's no-probable-cause finding in the district court. At first, Chief Judge Schiltz invited the Government to provide materials arguing that district judges can review magistrate judges' arrest warrant determinations and stated that if the court concluded the determinations were reviewable, it would promptly review them. But later, on the afternoon of January 22, Chief Judge Schiltz cited pressing matters of the district judges' personal safety and security and informed the Government that the Court would not be able to evaluate whether the determinations were reviewable by the district court until Tuesday, January 27, and could not begin to evaluate the merits until it had resolved that threshold question. Chief Judge Schiltz thus invited the government to seek relief from the Court of Appeals. Likewise, a grand jury will not be available until the same day, Tuesday, January 27.

**STANDARD OF REVIEW**

Mandamus relief is an "extraordinary remedy" to be employed only under the most "exceptional circumstances." *Will v. United States*, 389 U.S. 90, 95 (1967). In order to obtain it, petitioners must show that they "have no other adequate means to attain the relief [they] desire[ ]." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks omitted). Indeed "[t]he traditional use of the writ ... has been to confine [the court against which mandamus is sought] to a lawful exercise of its prescribed jurisdiction." *Id.* (third alteration in original) (internal

quotation marks omitted). Put differently, mandamus may only lie in "exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion." *Id.* (internal quotation marks and citations omitted). "[A] clear error of law or clear error of judgment leading to a patently erroneous result may constitute a clear abuse of discretion." *In re Apple, Inc.*, 602 F.3d 909, 911 (8th Cir. 2010) (per curiam).

"To grant a writ of mandamus, this court weighs three factors: (1) the petitioning party must satisfy the court that he has no other adequate means to attain the relief he desires; (2) his entitlement to the writ is clear and indisputable; and (3) the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *In re Kemp*, 894 F.3d 900, 905 (8th Cir. 2018) (internal quotation marks omitted).

## ARGUMENT

### I. The district court and this Court have authority to review the magistrate judge's erroneous determination.

For two independent reasons, the district court—and this Court—have the authority to review the magistrate judge's conclusions. The district court thus clearly erred in refusing to review the magistrate judge's determination.

*First*, a district court presented with a criminal complaint has authority to review that complaint, make a probable cause finding, and issue arrest warrants. Federal Rule of Criminal Procedure 4 governs the issuance of arrest warrants on a

5

complaint. It provides, as relevant, that the warrant must "be signed by a judge." Fed. R. Crim. P. 4(b)(1)(D). That "judge" need not be a magistrate judge. When the Federal Rules of Criminal Procedure "authorize a magistrate judge to act, any other federal judge may also act." Rule 1(c). Nothing in Rule 4 departs from this default rule. The rule uses the word "judge" here, despite employing the more specific phrase "magistrate judge" elsewhere in its text. *Compare, e.g.*, Rule 4(b)(1)(C) (warrant must "command that the defendant be . . . brought before a *magistrate judge*") (emphasis added), *with* Rule 4(b)(1)(D) (referring only to a "judge"). Magistrate judges, moreover, derive their powers from the district court, not vice versa. *See United States v. Raddatz*, 447 U.S. 667, 681 (1980) ("Congress [in enacting the Federal Magistrates Act] made clear that . . . the magistrate acts subsidiary to and only in aid of the district court."). District judges are therefore vested with all powers that might otherwise be wielded by a magistrate judge. *See* Fed. R. Crim. P. 1(c); *see also Thomas v. Arn*, 474 U.S. 140, 154 (1985) ("[T]he district court . . . must exercise supervision over the magistrate . . . . The district judge has jurisdiction over the case at all times.").

Nor does it matter that the complaint was already presented to a magistrate judge once. *See United States v. Pace*, 898 F.2d 1218, 1231 (7th Cir. 1990) (rejecting a "blanket rule barring the government from resubmitting a warrant application to a second magistrate"); *United States v. Savides*, 658 F. Supp. 1399, 1404 (N.D. Ill.

6

1987) ("This court believes that like a situation where a judicial officer fails to sustain a criminal complaint at a preliminary hearing, the initial denial of a warrant does not preclude the government from presenting the same evidence to a second judicial officer so long as the government makes known the application was previously denied."). The rules expressly contemplate that the Government may file subsequent complaints after receiving adverse probable cause findings. *See* Fed. R. Crim. P. 5.1(f) ("If the magistrate judge finds no probable cause to believe an offense has been committed or the defendant committed it, the magistrate judge must dismiss the complaint and discharge the defendant. A discharge does not preclude the government from later prosecuting the defendant for the same offense.").[1]

*Second*, independently, a finding of no probable cause and the consequent denial of an arrest warrant are "pretrial matter[s]" that are reviewable by district courts under the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), and would be reviewable under the district court's inherent Article III powers in any event.

Start with the Federal Magistrates Act. The denial of an arrest warrant is a "pretrial matter" over which magistrate judges have been given authority. 28 U.S.C.

---

[1] These same reasons additionally support the Government's alternative request, *supra* p. 1, that the Court itself issue the arrest warrants if it concludes that the mandamus standard is not met. Rule 1(c)'s language, "any other federal judge," includes circuit just as readily as district judges. Indeed, Rule 1(c) plainly sweeps far beyond district judges, since it refers to the "Authority of a Justice or Judge of the United States."

7

§ 636(b)(1)(A). Notably, section 636(b)(1)(A) uses the capacious phrase "any," and it does so without qualification. If the statute meant to exclude district court review of arrest warrant denials, it would have said so expressly. After all, section 636(b)(1)(A) conspicuously exempts from magistrate judge jurisdiction certain enumerated matters, like motions for summary judgment.

Courts have applied section 636(b)(1)(A) to review magistrate judges' probable cause findings on criminal complaints. *See, e.g.*, *United States v. Steele*, No. MJ20-252MAT-RSL, 2020 WL 4726704, at *2 (W.D. Wash. Aug. 13, 2020) (exercising "general supervisory authority" under section 636 to review a magistrate's probable cause finding on a criminal complaint); *United States v. Meza-Perez*, No. 11-MJ-3020, 2011 WL 2516932, at *2 (C.D. Ill. June 23, 2011) (applying section 636(b)(1)(A) to review magistrate's probable cause finding on a criminal complaint). That sensible textual reading is especially compelling because reading section 636(b)(1)(A) to foreclose district judge review would be "constitutionally problematic." *United States v. Brigham*, 569 F.3d 220, 227 (5th Cir. 2009) (citing *Raddatz*, 447 U.S. at 681); *see Jennings v. Rodriguez,* 583 U.S. 281, 286 (2018) (explaining that "when statutory language is susceptible of multiple interpretations, a court may shun an interpretation that raises serious constitutional doubts and instead may adopt an alternative that avoids those problems").

Further underscoring this reading, district courts often invoke section 636(b)(1)(A) to review magistrate judge decisions on other pretrial matters in criminal cases, such as decisions denying applications for search warrants. *See, e.g.*, *Matter of Search of One Digital Device Currently Located at 601 4th St. NW, Washington, DC Under Rule 41*, 734 F. Supp. 3d 107, 110 n.3 (D.D.C. 2024) ("And other courts have recognized that orders issued by magistrate judges in connection with search warrant applications are subject to review."); *In the Matter of Search of Info. Associated with Email Addresses Stored at Premises Controlled by the Microsoft Corp.*, 212 F. Supp. 3d 1023, 1030 (D. Kan. 2016) ("Thus, because an application for a search warrant is a non-dispositive, pretrial matter, this court will review Judge Waxse's order under the clearly erroneous or contrary to law standard."); *see also, e.g.*, *United States v. Turner*, No. 23-CR-252, 2025 WL 450513, at *11 (D. Minn. Feb. 10, 2025) (considering under section 636(b)(1)(A) a magistrate judge's denial of a motion to disclose identity of informants); *United States v. McIntyre*, 683 F. Supp. 2d 1020, 1025 (D. Neb. 2010) (considering denial of motion for a *Franks* hearing under section 636(b)(1)(A)), *aff'd*, 646 F.3d 1107 (8th Cir. 2011).

If that were not enough, the same result obtains under district courts' inherent powers. Article III requires that the district judge retain supervisory authority over the magistrate at all times. This includes the authority to independently consider

9

whether to issue arrest warrants under Rule 4 and, as discussed in greater detail below, the authority to review the decision of a magistrate judge to decline such issuance. *Cf. United States v. Al-Nouri*, 983 F.3d 1096, 1098 (9th Cir. 2020) ("To the extent a magistrate judge has been assigned the Article III power to make bail decisions, either implicitly by custom or expressly by local rules, such decisions may be reviewed de novo by the district court upon application by a party.").

Accordingly, in *United States v. Lopez*, 710 F. Supp. 3d 849 (D. Nev. 2024), a district court found that the Federal Magistrates Act does not give district courts the power to review a magistrate judge's probable-cause determination on a supervised-release-revocation petition. *Id.* at 852–53. The court nevertheless concluded that it had the *inherent* authority to review the magistrate judge's probable-cause determination: "Although the Federal Magistrates Act does not provide an avenue for a district judge to review a magistrate judge's probable-cause determination on a supervised-release violation, the Supreme Court's longstanding recognition that district judges retain jurisdiction over all aspects of a case does." *Id.* at 853 (citing *Brigham*, 596 U.S. at 228–29); *cf. Odom v. Kaizer*, 864 F.3d 920, 923 (8th Cir. 2017) (noting that the existence of probable cause for an arrest warrant "is a legal question reviewed de novo" (citation omitted)).

Accordingly, the district court's refusal to evaluate whether to issue arrest warrants was clear and indisputable error.

## II. The complaint establishes probable cause to arrest the five disputed individuals on both FACE Act and conspiracy charges.

The complaint plainly establishes probable cause to arrest each of the five disputed individuals for violations of both the FACE Act and § 241. "Probable cause exists if the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed an offense." *Williams v. City of Alexander*, 772 F.3d 1307, 1310 (8th Cir. 2014) (cleaned up). The magistrate judge thus clearly erred by refusing to find probable cause and issue the requested warrants.

18 U.S.C. § 241, titled "Conspiracy against rights," criminalizes conspiracy "to injure, oppress, threaten, or intimidate any person in any State . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same." And 18 U.S.C. § 248(a)(2) subjects to criminal punishment anyone who, "by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship."

The complaint readily establishes probable cause for each offense based on the charged individuals' conduct in Cities Church in St. Paul, Minnesota on the morning of Sunday, January 18, 2026. The complaint credibly alleges that each

individual "disrupted the religious service and intimidated, harassed, oppressed, and terrorized the parishioners, including young children," "caused the service to be cut short," "forced parishioners to flee the church," and "physically obstructed some parishioners as they attempted to leave the church and the adjacent parking areas." Compl. ¶ 5. The complaint also credibly alleges that the charged individuals specifically targeted the church for their demonstration and met together outside the church to plan their actions in the church. *Id.* The complaint then—across the next seventeen pages—substantiates that summary, extensively detailing each charged individual's actions and statements and further substantiating many allegations with video evidence and descriptions of subsequent investigation and victim interviews.

Neither the magistrate judge nor any district judge has explained how this complaint fails to establish probable cause for issuance of arrest warrants for each charged individual. Nor is any explanation conceivable—particularly where the magistrate judge has already found probable cause exists as to three members of the group that stormed the church. The detailed, credible, and amply substantiated complaint plainly clears the bar for probable cause.

**III. The Government has no other adequate means to obtain relief, and mandamus is appropriate under these circumstances.**

For the reasons explained, the Government has a clear and indisputable right to relief. The remaining mandamus considerations likewise tip decidedly in the Government's favor.

No other means are available to the government to obtain relief prior to the threatened resumption of criminal activity this weekend. Correction of the magistrate judge's erroneous assessment of probable cause and issuance of arrest warrants is urgently needed to protect the public safety from concrete, credible threats of criminal activity this weekend. The magistrate judge and the district court have made clear that they will not evaluate future submissions prior to the threatened resumption of criminal activity. A grand jury is not available until Tuesday, again too late to remedy the problems created by the courts below. And mandamus is manifestly appropriate to protect the public from specific threats of impending criminal activity.

**CONCLUSION**

The Court should grant the petition for a writ of mandamus, find that the complaint establishes probable cause to find violations of 18 U.S.C. §§ 241 and 248(a)(2), and order the U.S. District Court for the District of Minnesota to sign the warrants for the remaining defendants forthwith. In the alternative, the Court should itself issue the arrest warrants, as authorized by Federal Rule of Criminal Procedure 1(c).

Respectfully submitted,

PAMELA J. BONDI
*Attorney General*

TODD M. BLANCHE
*Deputy Attorney General*

**/s/ *Brett A. Shumate***
BRETT A. SHUMATE
  *Assistant Attorney General*
  *Civil Division*
  *United States Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, D.C. 20530*

DANIEL N. ROSEN
  *United States Attorney*

JANUARY 2026

# CERTIFICATIONS OF COMPLIANCE

I hereby certify this petition complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and that this petition complies with the type-volume limitation of Fed. R. App. P. 32(c), because it contains 3,023 words, excluding the parts of the petition exempted under Rule 32(f), according to the count of Microsoft Word.

I certify, in compliance with 8th Circuit Local Rule 28A(h)(2), that this petition has been scanned for viruses and is virus free.

*/s/ Brett A. Shumate*