No. 26-1135
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
_____

IN RE CRIMINAL COMPLAINT.

UNITED STATES OF AMERICA,

                              Petitioner.
_____

On Petition for Writ of Mandamus to
the United States District Court
for the District Minnesota
_____

**REPLY IN SUPPORT OF
EMERGENCY PETITION FOR WRIT OF MANDAMUS
OR ISSUANCE OF ARREST WARRANTS**
_____

                          PAMELA J. BONDI
                          *Attorney General*

                          TODD M. BLANCHE
                          *Deputy Attorney General*

                          BRETT A. SHUMATE
                          *Assistant Attorney General*
                          *Civil Division*
                          *United States Department of Justice*
                          *950 Pennsylvania Ave., N.W.*
                          *Washington, D.C. 20530*

                          DANIEL N. ROSEN
                          *United States Attorney*

# INTRODUCTION

The Chief Judge's responses support the Government's mandamus petition at every turn: The Government promptly sought review of the magistrate judge's erroneous assessment of probable cause; no judge in the District of Minnesota will review the matter before Tuesday, January 27; and even the Chief Judge's parsimonious description of the criminal complaint's allegations would suffice to show probable cause for a FACE Act violation.

The Chief Judge's procedural complaints are ill-founded. It was the Chief Judge himself who suggested—just yesterday—that the Government should seek relief in the Eighth Circuit if it viewed the matter as requiring immediate action. *See* Ex. A. And in any event, any judge of this Court could readily issue the warrants himself or herself, without any need to rule on the mandamus petition.

Last, the Chief Judge's assumption that the mandamus petition must be frivolous directly conflicts with the view he expressed to the United States—again, just yesterday—that "district judges have the authority to review" "warrant applications that have been rejected by magistrate judges." Ex. A.

The Court should grant mandamus or issue the requested warrants. To the extent leave is required to file a reply brief in this posture, the Government hereby seeks leave to file this brief.

## ARGUMENT

The Chief Judge's responses confirm that the Court should grant mandamus, for three reasons.

*First*, the responses confirm that the Government has "no other adequate means to attain the relief" it seeks from this Court. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004). As the Government explained and the Chief Judge agrees, the Government sought review in the district court immediately after the Magistrate Judge's ruling; the Chief Judge initially planned to consider the matter today; and he concluded yesterday that no judge in the District of Minnesota will consider reviewing the magistrate judge's conclusions before Tuesday, January 27. *See* Petition at 3-4; Ltr. at 2-3.

*Second*, the response confirms the existence of probable cause for each of the charged individuals. The FACE Act prohibits the use of force, threat of force, or physical obstruction for the intentional intimidation of, interference with, or attempts to intimidate or interfere with any person lawfully exercising the First Amendment right of religious freedom at a place of religious worship. 18 U.S.C. § 248(a)(2). A large group "entering a church" and "yelling horrible things at the members of the church" during Sunday morning services, Ltr. at 3, would amount to probable cause even if that were all the complaint alleged. Of course, that is far from all the complaint alleges, as the Government has already explained. *See* Petition at 11-12

2

Appellate Case: 26-1135     Page: 3     Date Filed: 01/23/2026 Entry ID: 5600636

(identifying allegations of physical obstruction, intimidation, intentional targeting of the church, and seventeen more pages of detailed and substantiated allegations). Moreover, as the Government has pointed out, the magistrate judge concluded that the Government *did* show probable cause for three of the agitators, again undercutting the Chief Judge's views regarding the seriousness and merit of the Government's allegations. *See* Petition at 12.

The Chief Judge's second response contends that two of the five charged individuals are "a journalist and his producer" and that there "is no evidence that those two engaged in any criminal behavior or conspired to do so." Second Ltr. at 1. The FACE Act contains no exception that would permit journalists or their producers to use or threaten force or physically obstruct worshippers who are lawfully exercising their First Amendment rights. Nor does Section 241 afford impunity to journalists or their producers to conspire to violate those worshippers' rights. The complaint's detailed allegations speak for themselves on each agitator's role in the incident for which they are charged.

*Third*, the Chief Judge's second response makes clear that he understands he has the authority to decide whether to issue the warrants and that he has already considered whether the complaint establishes probable cause, at minimum for two of the five remaining charged individuals. Second Ltr. at 1. That underscores the Government's predicament and the district court's abuse of its discretion: Declining

3

to issue a ruling either way, despite having reached (or readily being able to reach) conclusions on both matters, in the face of the Government's representation of an urgent public safety need for a prompt ruling, was a clear abuse of discretion.

The Chief Judge's response also omits two important points.

*First*, the Chief Judge suggests that the Government's petition was procedurally improper or unnecessarily rapid. Not so. It was the Chief Judge who suggested, yesterday afternoon, that if the Government continued to maintain that the matter was urgent, it "continue[d] to have the option of . . . presenting the application to Judge Loken or Judge Stras." Ex. A. Even if that suggestion were incorrect as to mandamus—of course, the Government maintains that the Court can and should grant its mandamus petition—any concerns regarding timing and procedure for the Government's mandamus petition have no bearing on the Government's request for a judge of this Court to sign the warrants under Criminal Rule 1. *See* Petition at 2, 7, 13. Nor does the Chief Judge have institutional capacity or access to law enforcement information to assess the continually developing situation on the ground or need for prompt issuance of arrest warrants in this matter, or to advise the Government on the most prudent use of its law enforcement resources. *See* Second Ltr. at 1-2.

*Second*, the Chief Judge suggests that the mandamus petition is frivolous. Ltr. at 4. As the Court is aware, the Government requests that the Court conclude that the

4

magistrate judge's probable cause determination is reviewable and that the Government has established probable cause for each of the five charged individuals, and accordingly to direct the district court to sign the complaint and warrants. In the alternative, the Government requests that the Court itself issue the warrants. Petition at 2, 13. The Chief Judge's first response presents no legal argument regarding either legal question, and it omits that the Chief Judge recently wrote to the Government that he was inclined to agree with its arguments regarding district judges' authority to rule on the matter. Ex. A ("I believe that district judges have the authority to do so."). The Chief Judge returns to that agreement in his second response. Second Ltr. at 1.

## CONCLUSION

The Court should grant the mandamus petition, or, in the alternative, itself issue the arrest warrants. The Government does not oppose the Chief Judge's request to unseal the petition for a writ of mandamus (with the attachments to the petition and this brief remaining under seal). *See* Second Ltr. at 2.

5

Respectfully submitted,

PAMELA J. BONDI
*Attorney General*

TODD M. BLANCHE
*Deputy Attorney General*

**/s/ *Brett A. Shumate***
BRETT A. SHUMATE
*Assistant Attorney General*
*Civil Division*
*United States Department of Justice*
*950 Pennsylvania Ave., N.W.*
*Washington, D.C. 20530*

DANIEL N. ROSEN
*United States Attorney*

JANUARY 2026

6

# CERTIFICATIONS OF COMPLIANCE

I hereby certify this brief complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and that this brief complies with the type-volume limitation of Fed. R. App. P. 32(c), because it contains 1,094 words, excluding the parts of the brief exempted under Rule 32(f), according to the count of Microsoft Word.

I certify, in compliance with 8th Circuit Local Rule 28A(h)(2), that this brief has been scanned for viruses and is virus free.

/s/ Brett A. Shumate

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026, I electronically filed the foregoing brief with the Clerk of this Court by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system on all participants.

/s/ Brett A. Shumate