

**UNITED STATES DISTRICT COURT**
DISTRICT OF MINNESOTA

CHAMBERS OF
PATRICK J. SCHILTZ
CHIEF JUDGE
UNITED STATES COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS, MINNESOTA 55415
(612) 664-5480

January 23, 2026

The Honorable Steven M. Colloton
Chief Judge, U.S. Court of Appeals
111 Locus Street, Suite 611
Des Moines, Iowa 50309

      Re:    In Re: United States of America
              No. 26-1135

Dear Chief Judge Colloton,

    I apologize for addressing this letter to you, but, for reasons I will describe, I do not have any other option.

    I am working from home today, as the program that my mentally disabled adult son attends each day is closed because of the extreme cold At 11:34 am, I received an email regarding Case No. 26-1135, entitled "In re: United States of America." The order in its entirety read:

> The motion of the United States to seal is granted. The Chief Judge of the United States District Court for the District of Minnesota is invited to file a response, at his discretion, to the petition for writ of mandamus. Any response is due by 2:00 p.m. Friday, January 23.

    This is the first that I have heard of any petition for a writ of mandamus. The United States did not have the courtesy to tell me that they would be filing such a petition, nor did the United States serve the petition on me. I am unable to access any documents in Case No. 26-1135 because, at the request of the United States, the case is sealed—apparently even from me. So I have been given about two-and-one-half hours to respond to a mandamus petition that I have not read and cannot read.

    Apparently I am supposed to guess what the petition is about and guess what the mandamus petition says and then respond. I will do so.

On the evening of Tuesday, January 20, the United States presented an application for eight arrest warrants to Magistrate Judge Douglas Micko in connection with the disruption of a religious service at Cities Church on Sunday, January 18. Judge Micko was the magistrate judge who was on duty at the time. Judge Micko found there was probable cause to issue warrants with respect to three of the suspects but not with respect to the other five.

Minutes after Judge Micko signed three arrest warrants, the U.S. Attorney notified me that his office wanted a district judge to review Judge Micko's decision—either by hearing an appeal of that decision or by considering the application de novo. The first thing I did is ask our Clerk's Office to randomly assign a district judge to consider the government's request. I was the judge who was randomly assigned.

It is important to emphasize that what the U.S. Attorney requested is unheard of in our district or, as best as I can tell, any other district in the Eighth Circuit. I have surveyed all of our judges—some of whom have been judges in our District for over 40 years—and no one can remember the government asking a district judge to review a magistrate judge's denial of an arrest warrant. I have also surveyed the chief judges of all of the districts in the Eighth Circuit. I have heard back from almost all of them, and all of those responding have said that, to their knowledge, no district judge has ever reviewed the decision of a magistrate judge to deny an arrest warrant. The reason why this never happens is likely that, if the government does not like the magistrate judge's decision, it can either improve the affidavit and present it again to the same magistrate judge or it can present its case to a grand jury and seek an indictment.

On Wednesday, January 21, I informed the U.S. Attorney that because he was asking me to do something that was unprecedented, and because my colleagues had strong and differing views on how our district should respond to such a request, I would not decide whether to issue the five warrants sought by the government until I had a chance to discuss the issue with my colleagues at our bench meeting, which was scheduled for yesterday. I also invited the Department of Justice to submit a brief regarding the authority of a district judge to review a magistrate judge's decision not to issue an arrest warrant, which the Department did late yesterday.

Unfortunately, we had to postpone our bench meeting at the request of the United States Marshal because of security concerns created by the presence of both the Vice President of the United States and the Attorney General of the United States in Minneapolis yesterday and by the initial appearances of two of the leaders of the invasion of Cities Church (who had been arrested pursuant to arrest warrants signed by Judge Micko) in St. Paul. We are scheduled to meet over lunch on Tuesday, January 27. I have informed the U.S. Attorney that I will make a decision about the warrant application immediately after that meeting.

This, however, was not satisfactory to the Department of Justice. It has claimed that there is a national-security emergency. As the Department sees it, if I do not issue warrants for the five additional suspects, "copycats" will invade churches and synagogues this weekend and disrupt religious services. Apparently, the government believes that the arrests of the leaders of the Cities Church invasion—whose arrests have received widespread international attention—will not deter copycats, but arresting five additional suspects will. The government has also argued that I must accept this as true because they said it, and they are the government.

And that is where things stand. The five people whom the government seeks to arrest are accused of entering a church, and the worst behavior alleged about any of them is yelling horrible things at the members of the church. None committed any acts of violence. The leaders of the group have been arrested, and their arrests have received widespread publicity. There is absolutely no emergency. The government could have sought indictments from a grand jury on Tuesday, January 20, Wednesday, January 21, or Thursday, January 22, but chose not to do so. The government can still take its case to a grand jury any time it wishes. Instead, the government is insisting that I do something that, as best as I can tell, no district judge in the history of the Eighth Circuit has done. I have told the government that I will discuss its request with my fellow judges on Tuesday and give it a decision Tuesday afternoon. If the mystery

petition filed by the government seeks an order from the Eighth Circuit forcing me to decide today—instead of Tuesday—whether to issue arrests warrants for the five protestors, I respectfully suggest that the petition is frivolous.

        Sincerely,


        Patrick J. Schiltz
        Chief Judge